```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FREDERICK ALSTON,                       :
                    Petitioner,         :
                                        :      06 Civ. 6955 (DLC)
          -v-                           :
                                        :      MEMORANDOM OPINION
JOHN J. DONELLI,                        :            AND ORDER
                    Respondent.         :
                                        :
----------------------------------------X
```

Appearances:

Pro Se Petitioner:
Frederick Alston
04-R-0395
Camp Gabriels Correctional Facility
P.O. Box 100
Gabriels, N.Y. 12939-0100

For Respondent:
Alyson J. Gill
Office of the Attorney General
120 Broadway
New York, New York 10271

DENISE COTE, District Judge:

 Frederick Alston ("Alston") brings this timely pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on one count of Criminal Possession of a Controlled Substance in the Third Degree, which was entered pursuant to a guilty plea.  This case was referred to Magistrate Judge Theodore H. Katz for a report and recommendation ("Report").  The Report was issued on August 10, 2007, and recommends that the writ be denied and the petition

dismissed on the grounds that Alston's claims are either barred from review in this Court or without merit.  Alston has not filed any objections to the Report.  This Opinion adopts the Report.

The facts relevant to the petition are set forth in the Report and summarized here.  On May 15, 2003, Alston was a resident of the Wards Island homeless shelter.  An officer on duty at the shelter observed Alston exchanging money with another shelter resident and later removing a vial of crack cocaine from his pocket.  The officer called for assistance, and Alston was promptly seized.  The officers found $190.00 and twenty-seven vials of crack cocaine on his person.  Alston then provided the officers with the number of his locker at the shelter.  The officers, accompanied by an employee of the shelter, searched the locker and found seventy additional vials of crack cocaine.  Alston was arrested and charged with Criminal Possession of a Controlled Substance in the Third and Fifth Degrees.

Alston filed a motion to suppress the crack cocaine found in his locker.  Following a hearing, his motion was denied on the ground that he did not have a reasonable expectation of privacy in his locker.  During the hearing, the court accepted into evidence, without objection, a Shelter Rules and Regulations form and a Notice of Assignment of Locker form (the

2

"Shelter Forms").  These forms stated, inter alia, that Alston's locker was subject to search by authorized personnel, and that the shelter authorities retained the master key to all lockers.  Alston subsequently pleaded guilty to the Third Degree charge, and was sentenced to an indeterminate prison term of four and one-half to nine years.

Alston appealed to the Appellate Division, First Department, on the ground that he had a reasonable expectation of privacy in his locker at the shelter.  On March 31, 2005, the conviction was affirmed, and leave to appeal was denied by the Court of Appeals on May 27, 2005.  Alston also filed a motion pursuant to New York Criminal Procedure Law section 440.10 in New York State Supreme Court seeking to vacate his conviction on the ground of ineffective assistance of counsel.  On March 29, 2005, the court denied the motion, and the Appellate Division denied leave to appeal on May 23, 2006.

The instant petition was filed on August 3, 2006.  The petition contests Alston's conviction on three grounds: (1) that his Fourth Amendment rights were violated by the search of the locker; (2) that the trial court erroneously admitted the Shelter Forms at the suppression hearing; and (3) that his counsel was ineffective because she failed to challenge the admission of the Shelter Forms.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept the report and recommendations of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  Figueroa v. Riverbay Corp., No. 06 Civ. 5364 (PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006)(citation omitted).

For the reasons amply described in the Report, Alston has failed to show that the claims in this petition have merit or can be reviewed by this Court.  First, Alston was provided "an opportunity for full and fair litigation of [his] Fourth Amendment claim" in state court, and this claim therefore cannot provide a basis for granting the petition.  Stone v. Powell, 428 U.S. 465, 482 (1976).  Second, Alston's evidentiary claim is rendered moot by his guilty plea, see Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); United States v. Gregg, 463 F.3d 160, 163-64 (2d Cir. 2006), is unexhausted and procedurally barred, and is without merit insofar as Alston has offered no factual allegations in support of his assertion that his signature on the locker form was forged.  Third, Alston's ineffective-assistance-of-counsel claim fails insofar as Alston has neither demonstrated that his attorney's decision not to challenge the admission of the Shelter Forms fell below an objective standard

4

of reasonableness nor identified any non-speculative prejudice arising from that decision. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). Alston has not objected to the Report and the Court finds no error in it.

CONCLUSION

The recommendation of Magistrate Judge Katz is adopted and the petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Alston has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). Moreover, Alston made no objection to the Report, and as the Report so advised him, he has waived his right to appeal. Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003). The Clerk of Court shall dismiss the petition.

SO ORDERED:

Dated:   New York, New York
         October 3, 2007

                                    _____
                                           DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Frederick Alston
04-R-0395
Camp Gabriels Correctional Facility
P.O. Box 100
Gabriels, N.Y. 12939-0100

Alyson J. Gill
Office of the Attorney General
120 Broadway
New York, New York 10271